LEWIS WHITMAN *vs.* THE WINCHESTER REPEATING
ARMS COMPANY.

New Haven Co., Dec. T. 1886. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and GRANGER, Js.

*A*, being indebted to W, assigned to him a claim which he had against the defendants, and soon after wrote them—"Pay *M* sixty-four dollars and balance to *W*," and a few days later "Pay *M* sixty-four dollars and no more, and send balance immediately to *W*." A few days later the defendants were garnisheed by a creditor of *A*. In a suit brought by *W* to recover the claim assigned to him, it was found by the court below upon the sole evidence of the letters that notice of the assignment had been given to the defendants before the garnishment. Held that the court properly so found.

The finding of the court being based solely upon the written evidence could be reviewed by this court.

The court will not grant a new trial to enable a party to recover a bill of costs.

[Argued March 1st—decided April 1st, 1887.]

ACTION to recover of the defendants a claim of one James G. Williams, assigned to the plaintiff; brought to the Court of Common Pleas of New Haven County. Facts found and judgment rendered for the plaintiff. (*Studley, J.*) Appeal by the defendants. The case is sufficiently stated in the opinion.

*F. G. Beach*, for the appellant.

The defendants were not notified of the assignment before the debt was attached in their hands by another creditor. The notice, if any, was solely by letter or telegram. This evidence, being in writing, can be passed upon by this court. The letter of January 3d, 1885, in which Williams requests the defendants to pay Moore's Sons $46.98 and to send the balance to Whitman, can have no effect, as it was before the assignment, which was made on the 27th of that month. On that day he sent them a telegraphic dispatch—"Pay Moores sixty-four forty-six; balance soon Lewis Whitman." This had no mean-

ing and the defendants at once wrote to inquire. He replied by postal card, January 29th—"Pay Moores $64.40. Send balance soon to Lewis Whitman." And in reply to a further inquiry from the defendants, he again wrote under date of February 2d—after stating the amount of his indebtedness to the Moores—"Please pay them $64.40 and no more. * * Please send the balance immediately to Lewis Whitman, West Mill Grove, Ohio." They were garnisheed by the Moores on the 6th of February. It is not stated in the correspondence that an assignment of the claim had been made by Williams, nor is there anything in it from which notice of an assignment can be claimed except the direction to "pay the balance to Lewis Whitman." This clearly is not actual notice. Nor can it be regarded as constructive or equitable notice. The latter notice is such as would reasonably put a party on enquiry, and is in equity notice of the facts that the enquiry would have elicited. *Bolles* v. *Chauncey*, 8 Conn., 389; *Booth* v. *Barnum*, 9 id., 286. Here the enquiry was actually made and no information was elicited that would have led the defendants to suppose that an assignment of the claim had been made. Wade on Law of Notice, § 5; 1 Story Eq. Jur., § 399; *Wilson* v. *Wall*, 6 Wall., 91.

*H. W. Asher* and *E. P. Arvine*, for the appellee.

PARK, C. J. It appears in this case that on the 24th day of January, 1885, the defendants were owing one James G. Williams the sum of two hundred and sixty-two dollars and some cents. At the same time Williams was owing the plaintiff a larger amount, and on the 27th day of the same month he assigned to the plaintiff the indebtedness of the defendants to him.

It also appears that Williams was owing a firm named "J. P. Moore's Sons" a large sum, and on the sixth day of February, 1885, Moore's Sons brought suit against Williams and garnisheed the defendants. On the sixth day of November of the same year Moore's Sons recovered judg-

ment against Williams, and the next day the defendants paid to the officer serving the execution issued on the judgment the sum of one hundred and eighty-four dollars and some cents, which the defendant sought in this suit to set off against the plaintiff's claim.

The principal question on the trial of the case below was, whether Williams gave the defendants notice of the assignment of his claim against them to the plaintiff, before their garnishment by Moore's Sons.

The court below found that due notice was so given, and rendered judgment against the defendants; and now they bring the case before this court for review.

Ordinarily the question would be one of fact, which this court could not review further than to ascertain whether there was any evidence before the court on which its judgment was based, but the claim is, that inasmuch as it appears on the record that all the evidence on the subject in the trial below appears in the written correspondence between Williams and the defendants, and inasmuch as the construction of written documents is a question of law, this court can review the question. We are inclined to take this view of the case, and we will therefore consider the correspondence between the parties on the subject.

A telegram sent by Williams to the defendants on the 27th day of January, 1885, was as follows:—" Pay Moores sixty-four forty-six. Balance soon Lewis Whitman." The defendants knew that " Moores " meant " Moore's Sons," the firm to which Williams was indebted.

The defendants replied to this telegram, and asked for more specific instructions in relation to the balance; and on January 29th Williams sent the following by postal card in reply:—" Yours of January 27th at hand, and in reply will say the message I sent was not exactly as you got it read. Pay Moores $64.40. Send balance soon to Lewis Whitman. Please do as this card implies, and oblige." Again, on February 2d of the same year, Williams sent to the defendants by letter the following:—" Please

pay them [Moore's Sons] $64.40 and no more. * * Please send the balance immediately to Lewis Whitman."

Thus it appears that, during the interval between the assignment and the attachment of Williams's claim against the defendants, Williams sent to them three written communications, directing them to pay the plaintiff all the indebtedness they were owing him, except the sum of sixty-four dollars and forty cents.

If the defendants had obeyed the instructions by payment of the claim to the plaintiff, no one would question but that they would have been fully protected in so doing. Payment to the plaintiff would have been, in effect, payment to Williams. His claim against the defendants would have been satisfied.

But it is said that an order to pay the plaintiff does not inform them that the claim had been assigned to him. The case was susceptible of but two constructions. Either Williams was endeavoring to secrete the money in the hands of the plaintiff to defraud his creditors, which the defendants had no right to assume without evidence, or the plaintiff had a right to the money in payment of a claim that Williams was owing him. The latter was the only sensible construction that could be given the transaction. The defendants could hardly suppose that the plaintiff was merely the agent of Williams to collect the money when Williams was in a situation to collect it himself, and that too when he was endeavoring to get the money paid to the plaintiff, the trouble of effecting which would be as great as it would be to get the money paid to himself.

We think the orders given by Williams to the defendants to pay the balance of his claim to the plaintiff, after making a certain deduction, justified the court below in finding that due notice of the assignment in question was given by Williams to the defendants.

We see no error in the judgment of the court below upon the demurrer to the defendants' substituted answer. And even if there had been error, it is manifest that it could not have done the defendants any harm, for they amended their

answer and went to trial upon the merits of the case.  It is true that if the demurrer had been overruled and the answer had been adjudged sufficient the defendants might have recovered a bill of costs.  But it has been frequently held by this court that it will not grant a new trial to enable a party to recover a bill of costs.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.