Judge Lane
delivered the opinion of the court:
The levy appears to have been made with the intention of covering the whole interest of Eegal and Hubbler in the sixty acres. But it is so made as to fail in effecting that object. Eegal and Hubble'r held a joint interest with Treon, the purchaser from *404 Jacoby, and this joint interest could not be separated by a levy, without investing the sheriff with an ex parte power of making partition. The levy is specific and confined to forty-three and a half acres. The boundaries are specially defined, and consequently the levy does not touch the remainder of the tract. The question then arises, whether these proceedings convey the land within them? We consider this point decided by the case of 2 Ohio, 113. There a majority of the court held, that a deed which 399] purported to convey an estate in severalty, *in which the grantee held a tenancy in common, was operative to pass the interest of the grantor to his undivided part within the limits described in the deed. The deed of the sheriff operates in the same way, and conveys to the purchaser two-thirds of the forty-three and a half acres of land.
In this view of the case, the plaintiff is entitled to forty-nine acres of the sixty, and not to the whole tract as he claims. Tet he is permitted to recover to the extent of his proof of title. The verdict and judgment may be for any amount of land less, than the whole quantity claimed in the demise. 2 Stark. Ev. 540.
The tax title set up by the defendant can not be sustained. The description in the duplicate and advertisement is too vague and uncertain: “ Sixty acres, part of the north half section 13.” Which sixty acres, is an inquiry natural to be made. In Lafferty v. Byers, 5 Ohio, 458, it is held that such description is too general. The tax sale must be held void.
Judgment for the plaintiff.
Defendant asks, and is allowed the benefit of the occupying claimant law.