ASAHEL GAGE

*v.*

WILLIAM S. HARBERT.

*Filed at Ottawa, November 23, 1892.*

1. CHANCERY—*requisites of plea.* A plea in equity should clearly and distinctly aver all the facts necessary to render it a complete, equitable defense to the case made by the bill, so far as the plea extends. It must be specific and distinct, and must be perfect in itself. The same strictness and exactness are required in such a plea, at least in substance, as in actions at law.

2. BURNT RECORDS ACT—*jurisdiction—of court to pass on validity of title.* Under sec. 20 of the Burnt Records act, the court has the power to determine and decree in whom the title in controversy belongs.

3. SAME—*plea setting up title in defendant.* A party filing his bill under the Burnt Records act may make any person claiming title to the premises a party defendant for the purpose of determining the validity of such title. In such case, if the defendant has or claims the title, he should set it up by answer or plea to the bill.

4. In such a case, if the defendant has a valid title to the premises growing out of a sale for taxes, or otherwise, and sets up the same by plea, it should on the argument be held to constitute a defense. But such plea is bad if it fails to allege title in the defendant, or facts and circumstances showing title.

5. *Sufficiency of plea to bill to confirm title.* In a bill to establish and confirm title under the Burnt Records act, the defendant pleaded that on, etc., the premises were sold to him for taxes, the issue of a certificate of purchase and the making of a deed to him within three years, and its record in the time required: *Held,* that the plea was clearly bad, as if every fact set up therein were true, it would not follow that defendant had the title to the property.

6. TAX TITLE—*sufficiency of pleading to show.* If a defendant in chancery desires to rely upon a tax deed as title to land, he should set up by plea or answer the making of the deed to him, and that under and by virtue of such deed the title became vested in him; or he may aver in his plea that on a certain date he obtained a tax deed, and that each and every condition precedent had been performed which authorized the sale of the property and the execution and delivery of a deed.

7. Sec. 224, of ch. 120, of the R. S., which provides that tax deeds executed by the county clerk for lands sold for taxes shall be *prima facie* evidence of certain facts therein specified, has no application or bearing on the question of pleading a tax title. It affects the rule of evidence only, and not the rule of pleading.

8. SAME—*removal of cloud on title—terms inferred.* Where the answer of the defendant to a bill to set aside a tax deed as a cloud on title sets up the purchase of the property for the non-payment of taxes, and the payment of subsequent taxes, the deed will not be set aside except on terms that all the legal taxes paid be refunded. But where the defendant sets up and relies on his tax deed as title, and stands by such plea when adjudged insufficient, there will be no error in setting aside the tax deed without refunding taxes paid, and requiring each party to pay his own costs.

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

This was a bill in the Superior Court of Cook county, brought by the appellee against appellant and others, under what is known as the Burnt Records act of this State, for the purpose of confirming the title to the property herein involved in the appellee.

The bill is in form such as is usually brought under the Burnt Records act, purporting to trace the title to the property in the appellee, and it alleges the destruction of the records of Cook county by fire on the 9th day of October, 1871.

As to the appellant, the bill alleges that he and others were the only persons to whom the lands had been conveyed and the deeds of conveyance recorded since the fire, and states the place of his residence, and then declares that he, appellant, and certain other defendants named, "claim, as your petitioner is informed and believes, each an estate in fee in said lands, or some part thereof, or some interest therein; but your petitioner avers that such claims are mere clouds upon your petitioner's title, and should be adjudged as invalid and of no effect as against your petitioner's said title."

The bill further alleges: "Your petitioner further states, that by reason of the destruction of the said records, as aforesaid, the title of your petitioner to the said premises, as hereinbefore set forth, is rendered insecure, uncertain and unsafe." The bill then makes appellant party defendant, and prays that he be required to make answer under oath, and then prays, "and that the title to said lot may be confirmed and established in your petitioner," and general relief.

The appellant interposed to the bill a plea, which was duly sworn to, in which he set out that he had three tax deeds to the property; one was issued to him in 1876, another in 1879, and the third in 1885. These tax deeds were each set out in the plea in the same manner, the first of which is as follows:

"That heretofore, and on or about the 18th day of September, 1873, said property in said bill of complaint mentioned, to-wit: said lot three (3) in Cossitt's addition to Chicago, was sold for the non-payment of taxes to this defendant, said Asahel Gage, and that the said county clerk thereupon issued to this defendant a certificate of purchase to said property, and that afterward, and within three years from the date of said certificate, this defendant filed with said county clerk said certificate of purchase and an affidavit stating the facts relied upon by him, to entitle him to a deed to said property upon the sale mentioned in said certificate and that afterward and on or about the 12th day of July, 1876, the county clerk aforesaid issued to this defendant a deed upon said tax sale, which said deed is commonly called a tax deed, and on or about the day of its date the said county clerk delivered said deed to this defendant; and afterward, and on or about the 27th day of July, 1876, this defendant filed said deed for record in the recorder's office of Cook county, Illinois, which said deed was thereupon recorded in said recorder's office, in book 561 of records, at page 454."

The plea was set down for argument as to its sufficiency, and upon the argument the court held the plea insufficient, and appellant electing to stand by his plea, the court entered a decree in favor of the complainant, in accordance with the prayer of the bill. The decree, among other things, vested appellee with the title to the property described in the bill "free and clear from and of any right, claim or demand on the part of said defendants, or any of them, and that said title in and to said premises be, and the same is hereby, established and confirmed."

"It was further ordered that each party pay his own costs in this proceeding."

Mr. AUGUSTUS N. GAGE, for the appellant:

While the bill of complaint in this case is ostensibly filed under the Burnt Records act, it is in fact a bill to remove a

cloud from appellee's title, and as such is not a creditor's bill.

The title set out by the plea was *prima facie* good to the land, and as such it should have been sustained as against any allegation in the bill. R. S., ch. 120, sec. 224; *Ransom* v. *Henderson*, 114 Ill. 528; *Gage* v. *DuPuy*, 127 id. 216; *Gage* v. *McLaughlin*, 101 id. 155.

Appellee having presented his case for adjudication upon the sufficiency of the plea, if the plea is sufficient it necessarily determines the issues presented by the bill in favor of appellant, and under the authorities already cited, it clearly appears that the plea set out a sufficient defense to the bill, and that it should have been sustained by the court below, and that the bill should have been dismissed.

The bill sought to obtain relief against appellant and his title, and it did not offer to do equity. Therefore, when it appeared from the plea that it was necessary that the complainant should pay to the defendant the amount of his disbursements as a condition precedent to his having relief in any event, the plea should have been sustained upon the bill as it was drawn. *Farwell* v. *Harding*, 96 Ill. 32; *Moore* v. *Wayman*, 107 id. 192; *Smith* v. *Hutchinson*, 108 id. 662; *Gage* v. *Nichols*, 112 id. 269; *Alexander* v. *Merrick*, 121 id. 606.

It appearing from the plea and from the admission of counsel that appellant had purchased the property for the delinquent taxes, the court should not have entered a decree against appellant without requiring appellee to repay those taxes. *Gage* v. *Reed*, 104 Ill. 509; see cases *supra*.

Messrs. HARBERT & DALEY, for the appellee:

1.  A petition under the Burnt Records act need not set up the defendant's title nor any defects therein; but the defendant must allege his own interest or title in the premises by appropriate pleading, and support same by proof. *Smith* v. *Hutchinson*, 108 Ill. 662; *Gage* v. *Caraher*, 125 id. 447.

2. A plea in chancery, which goes to the whole bill, admits the facts as alleged, and, in itself, must present a complete bar to the relief prayed, or it will be bad. Story's Eq. Pl., sec. 665; *Cheney* v. *Patton*, 134 Ill. 422; *Gage* v. *Smith*, 79 id. 219.

3. More than one plea to the same matter can not be properly filed without leave of court. Story's Eq. Pl., sec. 657.

4. The defendant not appearing to have been entitled to any relief, it was proper that he should pay his own costs. *Gage* v. *Bailey*, 115 Ill. 646.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The question presented by the record is whether the plea interposed by appellant, Gage, was sufficient. In *Cheney* v. *Patton*, 134 Ill. 422, we had occasion to consider, to some extent, the requisites of a special plea interposed to a bill in equity. It is there said:

"The rule applicable to pleas in equity is that the same strictness and exactness are required in them that are required in pleas at law, if not in matters of form, at least in matters of substance. One requisite of such plea is that it should clearly and distinctly aver all the facts necessary to render it a complete equitable defense to the case made by the bill, so far as the plea extends. Where its allegations being taken as true do not, so far as it purports to go, make out a full and complete defense, or where the necessary facts are to be gathered by inference alone, it will not be sustained. It must be specific and distinct, and must be perfect in itself, so that if true it will make an end of the case, or of that part of the case to which it applies."

In Story's Equity Pleading, sec. 665, the author says: "Another requisite of a pure plea is that it should clearly and distinctly aver all the facts necessary to render the plea a complete equitable defense to the case made by the bill, so far as the plea extends, so that the plaintiff may, if

he chooses, take issue upon it." Under sec. 20, chap. 116, of our statute, in a proceeding of this character, the court had the power to determine and decree in whom the title to the lands in controversy belonged, and the only object of making appellant a party to the proceeding, no doubt, was to have his title investigated and its validity determined. It was, therefore, incumbent on appellant, if he had title to the property, to set it up by answer or plea to the bill, so that its validity might be passed upon and determined. The appellant saw proper not to answer the bill, but put in a plea upon which he relied as a defense to the bill. Under the rule we have indicated in regard to the sufficiency of a plea to a bill in chancery, did the facts set up constitute an equitable defense to the case made by the bill? If the appellant had a valid title to the premises, growing out of a sale of the premises for the non-payment of taxes or otherwise, and such title had been set up in the plea, it would have been the duty of the court on the argument to have held the plea a defense to the case made by the bill. But upon an examination of the plea, it will be found that it fails to allege that appellant had title to the property, or to set up facts which, when considered, constitute title. It is set up in the plea that the premises were sold for the non-payment of taxes, that a certificate of sale issued, that within three years the certificate was returned to the county clerk with an affidavit stating the facts relied upon for a deed, that a deed was issued and recorded in the recorder's office of Cook county. Every fact set up in the plea may be true, and yet it does not follow that appellant had the title to the property.

It may be true that the premises were sold for taxes, as alleged, and at the same time the tax may have been void, or the taxes paid before the sale, or there may have been no judgment for taxes, or the judgment may have been void. It may be true that an affidavit was filed with the clerk containing the facts relied upon for a deed, but the

facts may have been insufficient to authorize the officer to execute a deed. If the appellant desired to rely upon the tax deeds described in the plea as title to the property, it devolved upon him to set up the execution and delivery of the deeds to him, and that under and by virtue of such deeds the title to the property became and was vested in him; or appellant, if he saw proper, might have averred in the plea that on a certain date he obtained a tax deed, and that each and every condition precedent had been performed which authorized the sale of the property, and the execution and delivery of a deed. Had this course been pursued, such facts embodied in a plea might have been regarded as a defense to the case made by the bill. But this course was not pursued, nor does the plea even allege, in general terms, that appellant had the title to the property. In the argument attention has been called to section 224, chapter 120, of our statute, which provides that deeds executed by the county clerk, where lands have been sold for taxes, shall be *prima facie* evidence of certain facts therein specified. We do not think this section of the statute has any bearing on the question of pleading here involved. Had appellant set up title, and had an issue been formed on the question of title, on the trial of the issue, appellant would have been entitled to avail himself of the provisions of the section of the statute; but that fact does not dispense with proper allegations of title in the plea, nor does it have any bearing on the question involved.

It is, however, claimed that the court erred in confirming appellee's title and setting aside appellant's title, without requiring appellee to refund the amount appellant paid at the tax sale and subsequent taxes and interest. If the appellant had set up by answer the purchase of the property for the non-payment of taxes and the payment of subsequent taxes, under the former ruling of this court, it is plain that his title could only be set aside upon being refunded the money paid out with interest, but the appellant is in no po-

sition to avail himself of that principle in this case.   The appellant here interposed a plea to the bill, and when the court adjudged the plea insufficient he refused to answer, but chose to abide by his plea.   The only question, therefore, now presented by this record, is as to the sufficiency of the plea, and the disposition of that question disposes of the case. As to the judgment for costs, under the facts of this case, we perceive no error.   The rule in *Gage* v. *Busse,* 102 Ill. 592, and *Gage* v. *Arndt,* 121 id. 494, does not apply here. The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*