## JOSHUA C. SANDERS, APPELLANT, *v.* JAMES L. PARSHALL, RESPONDENT.

*Pleading — Code of Civil Procedure, sec.* 1502 *— ejectment — cloud on title.*

While a complaint, which alleges that the plaintiff owns title to the land described therein, and demands judgment for the surrender of possession, cannot be upheld as a complaint in ejectment, in the absence of an averment that the defendant is in actual possession, or that the property is vacant and the defendant claims title thereto (Code of Civil Pro., § 1502), it may be upheld as a complaint to remove a cloud on title, where it avers facts showing that the defendant's title is apparently good, but is, in fact, totally bad, as, *e. g.*, that the defendant claims the land under a tax sale, and that the tax was invalid and the sale illegal, though valid in appearance, and asks for a cancellation of the papers given on the tax sale.

APPEAL by the plaintiff, Joshua C. Sanders, from a judgment of the Supreme Court, entered in the office of the clerk of Westchester county on the 23d day of July, 1892, on a decision rendered at the Westchester Special Term dismissing the complaint, with costs.

The complaint, omitting the description of the land referred to, was as follows:

The complaint of the plaintiff respectfully shows to the court:

1. That the plaintiff is the owner in fee absolute of all that certain lot of land, situate, lying and being in the town and county of Westchester and State of New York, laid down on a certain map on file in the office of the register of the county of Westchester, entitled "Map of Olinville," and known and distinguished thereon by the number forty-two (42), and bounded as follows: * * *

2. That the defendant unlawfully claims possession of said lot of land and right of possession by and through a lease thereof or right

to a lease thereof for the term of 1,000 years, made, or right to have made to him by the treasurer of Westchester county, pursuant to a sale thereof by the treasurer of Westchester county, made on the 23d day of February, 1870, to the defendant for alleged unpaid taxes thereon for the year 1868 ; the said alleged taxes were invalid, and said sale was without authority of law and void, though apparently valid.

Wherefore, the plaintiff demands judgment that he be adjudged entitled to the immediate possession of said premises, and that the defendant be adjudged to surrender the possession thereof to the plaintiff, and the lease or certificate for a lease issued to him by the county treasurer of Westchester county, pursuant to said tax sale of said premises, for cancellation, and that the plaintiff have such other and further relief as to the court may seen just, with costs of this action.

The answer denied all the allegations of the complaint.

*George H. Pettit,* for the appellant.

*Jacob Fromme,* for the respondent.

BARNARD, P. J.:

The complaint is not clearly drawn as a complaint for the recovery of the possession of land. The plaintiff avers plainly that he owns the title to a lot 100 feet square. He avers that the defendant claims an interest in or a title to the same, but he does not aver that the defendant is in actual possession, or that the lot is a vacant lot, and that the defendant claims title thereto as provided by section 1502 of the Code. (*Banyer v. Empie,* 5 Hill, 48.)

By the demand for judgment the plaintiff asks that the defendant be adjudged to surrender the possession thereof to the plaintiff, but a demand for judgment will not supply an omission to state a fact which is essential to sustain such a demand under the rules of pleading. As a 'complaint in ejectment, the plaintiff's complaint was properly dismissed. There is, however, a cause of action stated to remove a cloud in the plaintiff's title. The complaint shows that he owns the land and that the defendant claims it by virtue of a sale thereof made by the county treasurer of Westchester county in 1870 for the unpaid taxes of 1868 thereon. That the tax was

invalid, the sale illegal and without authority of law, though valid in appearance. The answer denies the plaintiff's title and all the allegations in respect to the claim of the defendant thereto and in respect to the invalidity of the tax, the void sale and the apparent lien. The plaintiff asks for a cancellation of the papers given by the county treasurer. If the complaint of the plaintiff is proven he is entitled to such judgment. (*Bockes* v. *Lansing*, 74 N. Y., 437; *Lockwood* v. *Gehlert*, 127 id., 241; *Remington Paper Co.* v. *O'Dougherty*, 81 id., 474.) The defendant's title is apparently good; but is, in fact, totally bad.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment dismissing complaint reversed and new trial granted, costs to abide event.