MAY EASTMAN, RESPONDENT, *v.* A. R. GURREY, APPELLANT.

TAXATION—SALE — EJECTMENT — PLEADING AND PROOF—APPEAL— SETTING ASIDE FINDINGS.

1. In the case of a tax sale of land in Salt Lake City, where it appears the description of the deed does not correspond with all its immediate antecedents, where the recitals in the deed are not true, and do not correctly describe the land referred to in the notice of sale upon which the deed depended, and where the description in the notice of sale is erroneous, and does not correctly describe the property of the defendant, nor the prop-

erty described in the tax sale, and it does not affirmatively appear from the notice of sale that notice was given defendant of the amount of the taxes assessed against him, or when or where the same were payable, as provided by section 8, p. 276, Rev. Ord. Salt Lake City, and section 2030, p. 53, Sess. Laws 1890, and where it appears the property was sold for $10.20 more than the amount of the taxes, but nowhere appears what the $10.20 was for, or what became of it, and it nowhere appears how much the costs of the sale were, except that the deed recites the fact that the land was sold for $59.20,—*held,* that such tax sale is illegal. Expressly overruling *Hamer* v. *Weber Co.,* 11 Utah 1, and holding that the dissenting opinion in that case states the law of the case. The case of *Ogden City* v. *Hamer,* 12 Utah 337, is overruled in so far as it conflicts with this opinion and the opinion in *Olsen* v. *Bagley,* 10 Utah. 492.

2. When the findings and judgment are not supported by the undisputed testimony in the case, as shown by the bill of exceptions, and are without any testimony to support them, it is the duty of the court to set aside the judgment on the exception to the findings.

3. Under a general denial and claim of title in an action of ejectment, when the plaintiff does not set out the source of title, but on the trial relies on a tax title, it is competent for the defendant to introduce in evidence any fact which might show or tend to show that the plaintiff had no right of entry when the suit was brought, and which might tend to defeat the title of plaintiff, or show a want of consideration for the deed under which plaintiff claims title and right of entry.

(No. 805. Decided June 22, 1897 )

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Ejectment by May Eastman against A. R. Gurrey. From a judgment for plaintiff, defendant appeals. *Reversed.*

*T. Ellis Browne,* and *Bennett, Harkness, Howat & Bradley,* for appellant.

If there was no definite parcel of land assessed, there was no lien, and if there was no lien, there could be no legal sale—see abst. p. 19. Black on Tax Titles (Ed. 1888) § 38; Cooley on Taxation, p. 282, Ed. 1876; Blackwell on Tax Titles, 4th Ed. p 124 *et seq.*; *Lyon* v. *Goddard,* 22 Kan. 389; *Hubbell* v. *Walden,* Hill & Denio, 139; *Kelsey* v. *Abbott,* 13 Cal. 619; *Roberts* v. *Chan Tin Pen,* 23 Cal. 267.

The correctness and certainty of the assessment is the foundation on which rest all subsequent proceedings. The premises assessed must be definitely and distinctly described. A correct notice of sale, return, certificate, and deed will not remedy the defect. *Olsen* v. *Bagley,* 10 Utah 492 and cases cited; *Greene* v. *Lunt,* 58 Me. 518, 533; *Griffin* v. *Creppin,* 60 Me. 270; *Yenda* v. *Wheeler,* 9 Tex. 408; *Rougelot* v. *Quick,* 34 La. 123; *Wilkins* v. *Tourtelot,* 28 Kan. 825; *Kelsey* v. *Abbott,* 13 Cal. 619.

The title to be acquired under statutes authorizing the sale of land for taxes must be regarded as *stricti juris,* and whoever sets up a tax title must show that all the requirements of the law have been complied with. Black on Tax Titles (Ed. 1888) § 48, 49; *Ferris* v. *Coover,* 10 Cal. 633; *Kelsey* v. *Abbott,* 13 Cal. 619; *Hubbell* v. *Welden,* Hill & Denio 139; *Mill kan* v. *Patterson,* 91 Ind. 515; *Cruger* v. *Dougherty,* 43 N. Y. 107, 121; *Seymour* v. *Peters,* 67 Mich. 415; *Houghton Co.* v. *Auditor Genl.,* 41 Mich. 28; *Marx* v. *Hawthorn,* 148 U. S. 172; *Parker* v. *Overman,* 18 How. 137; *Williams* v. *Peyton,* 4 Wheat. 77.

See note to same case Lawyers' Ed. Book 4, p. 518.

Again the notice embraces more land than is assessed and is not restricted to lands upon which the taxes are unpaid. Black Tax Titles (Ed. 1888) sec. 82; *Prinble* v. *Campbell,* 9 Minn. p. 204 Sub. Ed.; *Rougelot* v. *Quick,* 34 La. 123.

And where it states that the whole lot upon which

the tax was assessed was sold, and does not state that it was necessary to sell the whole, the deed was void. *Brookings* v. *Woodin*, 74 Me. 222; *Lovejoy* v. *Lunt*, 48 Me. 377; *Allen* v. *Morse*, 72 Me. 502.

If the statute directs sale of the smallest quantity, a deed which recites a sale of the premises to the grantee, who was the highest bidder, is void and conveys no title. *Carpenter* v. *Gann*, 51 Cal. 193; *French* v. *Edwards*, 13 Wall. 511.

And if the recitals do not show an offer to sell such fractional part as may be necessary to pay the tax and charges, the deed will not be efficacious to pass title. *Wiggin* v. *Temple*, 73 Me. 382; *Whitmore* v. *Learned*, 70 Me. 249; *French* v. *Patterson*, 61 Me. 209; *Allen* v. *Morse*, 72 Me. 502.

The purchaser under a tax sale, in order to recover the land, must show the regularity of all the proceedings. *Bucknall* v. *Story*, 36 Cal. 67-74; *Marx* v. *Hawthorne*, 148 U. S. 172.

A sale for more than was due, renders the sale void. *Hamer* v. *Weber City*, 11 Utah 1; *Treadwell* v. *Patterson*, 51 Cal. 637; *Harper* v. *Rowe*, 53 Cal. 233; *Axtell* v. *Gerlach*, 67 Cal. 483; *Bo-ton Tunnel Co.* v. *McKenzie*, Id. 485; *Bucknell* v. *Story*, 36 Cal. 67.

*C. S. Varian* and *Moyle, Zane & Costigan*, for respondent:

"In listing the land it must be described with particularity sufficient to afford the owner the means of identification and not to mislead him." Cooley on Tax, 282, *Woodside* v. *Wilson*, 32 Pa. St. 55, see also Blackwell Tax Titles, 5th ed., Vol. I, sec. 223 and 227, Desty Taxation, Vol. I, p. 567.

"An assessment is void only when it wholly fails to lead to identification." Blackwell, Vol. I, sec. 223, p. 210,

*Glass* v. *Gilbert,* 58 Pa. St. 290. The rule is that in this class of cases the equitable defense must be pleaded, and just as fully, with all essential averments, as if a bill in equity, and the equity must be of such character that it may be ripened by decree into legal right to the premises. *Estrada* v. *Murphy,* 19 Cal. 248; *Lestrade* v. *Barth,* 19 Cal. 671; *Blum* v. *Robertson,* 24 Cal. 142; *Cadiz* v. *Majors,* 33 Cal. 288; *Swazey* v. *Adair,* 88 Cal. 182; *Gibson* v. *Choteau,* 13 Wall. 103; Sedgwick & W. Trial Title, sec. 486-7.

MINER, J.:

This action in ejectment was brought to recover possession of property in Salt Lake City, described in the complaint as commencing 5 rods north of the southwest corner of lot 5, block 33, plat B, Salt Lake City survey; thence north 4½ rods; thence east 10 rods; thence south 4½ rods; thence west 10 rods, to the place of beginning,—which plaintiff alleges she is the owner of, and entitled to the possession thereof, together with rents and damages. The answer denies all the allegations of the complaint; denies title in the plaintiff; and claims title and right of possession in defendant. The plaintiff bases her right and title to the land in question upon a tax deed executed by the recorder of the city of Salt Lake to Olivia Widdeborg, August 30, 1892, for taxes, and special assessments for water mains, assessed upon the property for 1889, amounting to $49. The sale was made to P. O. Perkins, August 27, 1890, for $59.21, and by him the certificate of sale was, on October 6, 1890, assigned to Olivia Widdeborg, who obtained a deed, and conveyed the premises to plaintiff. The property is valued at $5,000. The property assessed to the defendant, A. R. Gurrey, and which was sold and conveyed by tax deed, was described in the assessment roll as follows: "74¼ x 165, lot 5, block 33, plat B;" and

this appears to be the only description. The plat of the block required by ordinance to be kept shows the lot to be 10x20 rods, and defendant's land is marked 4½x10. The assessment notice does not refer to the plat, and the points of the compass are not designated on the plat. Nor is the block, including the lot, given in the plat. The property conveyed by the tax deed is described as beginning 5 rods north of the southeast corner of lot 5, block 33, plat B, Salt Lake City survey; running thence west 10 rods, north 4½ rods, east 10 rods, south 4½ rods, to the place of beginning. The notice of sale described the property to be sold as part of lot 5, block 33, plat B, Salt Lake City survey; beginning 5 rods north of the southeast corner of said lot 5, running thence west 10 rods; thence north 5 rods; thence east 10 rods; thence south 5 rods, to the place of beginning; and that the assessor would sell the same or so much thereof as would be necessary to pay the tax of $49 and costs at public auction. This notice was published in the newspapers. It does not appear what the costs of the sale amounted to. The property sold was sold for $59.20, but it does not appear what became of the sum paid over and above the amount of the taxes assessed at $49.

The statute (section 2013, p. 51, Sess. Laws 1890) provides that, in assessing real estate, it should be referred to with reasonable certainty as to locality and quantity. In cities it shall be sufficient to give the number of the lot, block, plat, etc. In describing the land assessed as 74¼x165, lot 5, block 33, plat B, without any other description, when lot 5 had an area of 10 by 20 rods, the assessor was in error. This description was too indefinite and uncertain to amount to reasonable certainty. If the whole lot is assessed, it is sufficient to describe it by number and block; but, when only a portion of the lot is assessed, it

should be described with reasonable certainty, so that the owner will know what land is assessed. The plat in evidence only gives a portion of the block, and the points of the compass are not designated thereon. Nor does the assessment notice refer to the plat in any way to identify it. These are material defects. Neither the purchaser nor owner would know from this description where the land assessed was located. It could not be ascertained from the assessor's roll whether the land assessed was on the north, south, east, west, or middle of the lot. A deed issued on sale of the property with this description would be defective. *Olsen* v. *Bagley*, 10 Utah 492, and cases cited; *Labs* v. *Cooper*, 107 Cal. 656.

The notice of sale described a different piece of property from that named in the assessment roll, and more than was owned by the defendant. This notice included 5x10 rods, instead of 74¼x165 feet, as described in the assessment roll. The tax deed described as sold 4½x10 rods,—less land than was described in the notice of sale, and more than was described in the assessment roll. The plat designated as belonging to the defendant a different piece of land from that assessed in the assessment roll. In *Stout* v. *Mastin*, 139 U. S. 151, it is held that if the description in a deed of land sold for nonpayment of taxes departs from the description contained in the assessment roll, and the prior tax proceedings upon which it is based, it is void; that each act in the tax proceedings must substantially correspond with its immediate antecedent. The purchaser is entitled to a deed to correspond to the notice of sale, and to the description in the assessment roll. If there was no definite parcel of the land assessed, there was no lien; and, if there was no lien, there could be no legal sale. In this case the description in the deed did not correspond with all its immediate antecedents. The

recitals in the deed were not true, as it did not correctly describe the land referred to in the notice of sale upon which the deed depended. The description in the notice of sale was erroneous, and did not correctly describe the property of the defendant, or the property described in the tax deed. Nor does it affirmatively appear from the notice of sale that the property is located in Salt Lake City. It does not appear that notice was given the defendant of the amount of the taxes assessed against him, or when or where the same were payable, as provided by section 8, p. 276, Rev. Ord. Salt Lake City, and section 2030, p. 53, Sess. Laws 1890.

The property was sold for $10.20 more than the amount of the taxes. It nowhere appears what this $10.20 was for, or what became of it. It does not appear how much the costs of the sale were, except that the deed recites the fact that the land was sold for $59.20. Section 2030, p. 53, Sess. Laws 1890, requires that only sufficient land of the delinquent be exposed for sale to pay the tax. It does not appear that only sufficient of the defendant's land was offered to pay the tax, but that the whole was offered, and that $10.20 was obtained for it more than the amount of the tax. Had less than all the land been offered, it might have been sufficient to pay the tax. It is evident that these proceedings were irregular, and ineffectual to pass title. *Olsen* v. *Bagley,* 10 Utah 497; *Wiggin* v. *Temple,* 73 Me. 382; *Carpenter* v. *Gann,* 51 Cal. 193; *Bucknall* v. *Story,* 36 Cal. 67.

Many of these questions arose and were decided in the case of *Olsen* v. *Bagley,* 10 Utah, 492. In that case the court held that "tax sales are made exclusively under statutory power, and, unless all the necessary prerequisites of the statute are carried out, the tax sale becomes invalid. If one of the prerequisites fail, it is as

15 UTAH—27

fatal as if all failed. The power vested in a public officer to sell land for the nonpayment of taxes is a naked power, not coupled with an interest, and every prerequisite to the exercise of the power must precede its exercise. The title to be acquired under statutes authorizing the sale of land for the nonpayment of taxes is regarded as *stricti juris*, and whoever sets up a tax title must show that all the requirements of the law have been complied with."

The property sold is valued at $5,000. The tax amounts to $49. This is a large demand for so small an investment. The purchaser at a tax sale relies on the letter of his bond, and he has a legal right to do so. But, under such circumstances, he must rest alone on the letter; he has no overpowering equity to justify a large and liberal interpretation of statutory proceedings in his favor. Cooley, Tax'n, §§ 470, 471; Black, Tax Tit. §§ 154, 184; *Marx* v. *Hanthorn,* 148 U. S. 172; *Seymour* v. *Peters,* 67 Mich. 415; *Houghton Co.* v. *Auditor General,* 41 Mich. 28; *Greene* v. *Lunt,* 58 Me. 518; *Wilkins* v. *Tourtellot,* 38 Kan. 825; Black, Tax Tit. §§ 38, 48, 49, 82, 112, 124, 405; Cooley Tax'n, p. 282; *Bidwell* v. *Webb,* 10 Minn. 59; *Prindle* v. *Campbell,* 9 Minn. 204; *Treon's Lessee* v. *Emerick,* 6 Ohio 391; *Stewart* v. *Allen,* 5 Ohio St. 257; *Head* v. *James,* 13 Wis. 641; *Labs* v. *Cooper,* 107 Cal. 656; *Armstrong* v. *Brownfield,* 4 Pac. Rep. 185.

Upon the hearing the case of *Hamer* v. *Weber Co.,* 11 Utah 1, has been referred to. We are of the opinion that the decision of the court in that case does not state the law of the case, and therefore we expressly overrule it. The dissenting opinion of Justice Bartch in that case, commencing at page 16, 11 Utah, correctly states the rule of law which should govern, and stand as the controlling opinion in the case. In so far as the case of *Ogden City* v. *Hamer,* reported in 12 Utah 337, conflicts with this opinion and the

case of *Olsen* v. *Bagley,* 10 Utah 492, the same is hereby over-ruled. In this case it was the duty of the plaintiff, as purchaser and holder of the tax deed, to show the regularity of all the proceedings. *Bucknall* v. *Story,* 36 Cal. 6; *Marx* v *Hanthorn,* 148 U. S. 172.

The errors herein pointed out appear from the undisputed documentary and other testimony offered on the part of the defendant, and over which there is no dispute. In such case, when the findings and judgment are not supported by the undisputed testimony in the case, as shown by the bill of exceptions, and are without any testimony to support them, it is the duty of the court to set aside the judgment on the exception to the findings. *Ottison* v. *Edmonds* (Wash.) 46 Pac. 399; *Agency Co.* v. *McClelland* (Tex. Sup ) 23 S. W. 1101; *Laing* v. *Rigney,* 160 U. S. 531; *Tuller* v. *Arnold,* 93 Cal. 166; *Bank* v. *Newton* (Colo. Sup.) 22 Pac. 445; *Arnold* v. *Hosiery Co.,* 148 N. Y. 392; *Assurance Co.* v. *Scammon,* 126 Ill. 355; *Johnson* v. *Bailey* (Colo. Sup.) 28 Pac. 81; *Whitman* v. *Winchester Repeating Arms Co ,* 55 Conn. 247; *Reynolds* v. *Snow,* 67 Cal. 498; *Railroad Co.* v. *Watson* (Ind. Sup.) 15 N. E. 824.

We are of the opinion that the findings and judgment were not supported by the undisputed testimony in the case, and that the court erred in its findings and judgment.

Upon the trial of the case, the defendant introduced testimony tending to show that the tax deed was obtained through fraud, and was conveyed to plaintiff without any consideration. The court, on motion, struck out all of the defendant's testimony, including testimony offered showing that defendant obtained the deed to the property in question through foreclosure proceedings instituted by the mortgagee, wherein the plaintiff in those proceedings claimed a decree for the taxes paid out of which the tax

title in question originated, on the ground that no equitable defense or cause of action had been set up in the answer or by way of cross complaint, and that the plaintiff had no notice thereof, to which defendant excepted. No specific equitable defense was set up in the answer. The answer consisted of a specific denial of all the allegations of the complaint, and an assertion of title and right of possession in the defendant. The complaint does not set out the source of plaintiff's title. We are of the opinion that the court erred in striking out this testimony. Under a general denial in an action of ejectment, when the plaintiff does not set out the source of title, but at the trial relies upon a tax title, it is competent for the defendant to introduce in evidence any fact which might show or tend to show that the plaintiff had no right of entry when the suit was brought, and which might tend to defeat the title of the plaintiff, or show want of consideration for the deed under which plaintiff claims title and right of entry. In the case of *Parker* v. *Dacres* (Wash.), 24 Pac. 192, it is said: " When, as in this case, a defendant is not at all advised as to the source of the plaintiff's title, he can content himself with a general denial, and thereunder introduce any legal evidence that tends to defeat the title of the plaintiff, as shown by his proofs. Any other rule would work great hardship on a defendant, while the enforcement of said rule cannot work hardship to a plaintiff, as he can, if he so desires, so shape his complaint as to compel defendant to fully disclose his defense in his answer. Said rule is not only in accord with our ideas of propriety and justice, but is also abundantly sustained by the authorities. *Sparrow* v. *Rhoades*, 76 Cal. 208; Pom. Rem. & Rem. Rights, § 679; *Semple* v. *Cook*, 50 Cal. 20; *Marshall* v. *Shafter*, 32 Cal. 177; *Roberts* v. *Chan Tin Pen*, 23 Cal. 260; *Kirk* v. *Hamilton*, 102 U. S.

68; *Mather* v. *Hutchinson*, 25 Wis. 27; *Hall's Heirs* v. *Dodge*, 18 Kan. 277; *Hyde* v. *Mangen*, 88 Cal. 319; *Parker* v. *Dacres* (Wash.) 24 Pac. 192; *Smith* v. *Hobbs* (Kan. Sup.) 31 Pac. 687; *Henderson* v. *Wannamaker*, 25 C. C. A. 181; *Armstrong* v. *Brownfield* (Kan. Sup.) 4 Pac. 185.

The judgment of the court below is set aside and the complaint dismissed, with costs.

ZANE, C. J., and BARTCH, J., concur.