## BEAN v. FAIRBANKS, et al.

No. 2762.   Decided July 30, 1915.   (151 Pac. 338.)

1. APPEAL AND ERROR—RECORD—ABSTRACT AND ASSIGNMENTS OF ERROR—SERVICE AND FILING. Appellant's failure to file an amended abstract and assignments of error within the time allowed, though they had been served within such time, was not jurisdictional, and, where appellee was not thereby prejudiced, the appeal would not be dismissed therefor. (Page 516.)

2. TAXATION—TAX DEED—ACTION—BURDEN OF PROOF. Notwithstanding Comp. Laws 1907, section 2629, providing that tax deeds issued by the county auditor shall recite substantially the amount of the tax for which the property was sold, the year for which it was assessed, the day and year of sale, the amount for which the real estate was sold, a full description of the property, the name of the purchaser, and that when attested by the county auditor they shall be *prima facie* evidence of the facts recited therein, one claiming and asserting a tax title against the owner must allege all facts essential to the validity of the tax deed; and hence a plea in an action to quiet title, alleging that the property had been sold for taxes, that it had not been redeemed, and that a tax deed was issued to the purchaser, without attaching or referring to the recitals of the tax deed itself, was insufficient as a plea of tax title.[1]   (Page 516.)

---

[1]*Eastman* v. *Gurrey*, 15 Utah, 410, 49 Pac. 310; *Olsen* v. *Bagley*, 10 Utah, 492, 37 Pac. 739; *Asper* v. *Moon*, 24 Utah, 241, 67 Pac. 409.

3. TAXATION—TAX TITLE—ACTION—PLEADING AND REPLY. In such action, a reply, not particularly averring the grounds on which plaintiff claimed that the tax sale and deed were invalid, was sufficient, since any reply was good enough to meet defendants' imperfect and insufficient plea of tax title; and the averment in the reply that the tax sale and purchase "was not in accordance with law, but was contrary to law," in the absence of a special demurrer or a motion to make more specific, was sufficient. (Page 516.)

Appeal from District Court, Sixth District; *Hon. Jos. H. Erickson*, Judge.

Action by Minnie S. Bean against Joseph W. Fairbanks, Estella Fairbanks and K. E. Roberts.

Judgment for defendant Roberts. Plaintiff appeals.

REVERSED, and case remanded, with directions to grant a new trial, and, on proper application, to permit the pleadings to be amended.

*G. T. Bean* and *C. E. Norton*, for appellant.

*E. E. Hoffman*, for respondents.

STRAUP, C. J.

·The plaintiff brought this action to quiet title. She alleged generally that she was the owner of the real estate and that the defendants claim, but have no right to it; and demanded that they be required to set forth their claim, that it be adjudged groundless, and that the title be quieted in her. The defendants denied her ownership, and alleged title in themselves by adverse possession and by tax sale and deed. Their tax title is pleaded thus:

"That on the 21st day of April, A. D. 1908, the treasurer of the County of Sevier, State of Utah, sold to the defendant Joseph W. Fairbanks the land described in plaintiff's complaint for taxes which had been assessed against said land in the name of said G. T. Bean, and that on the 10th day of September, A. D. 1912, the said land not having been re-

deemed for taxes, the county auditor of said County of Sevier, State of Utah, made, executed, and delivered to the defendant Joseph W. Fairbanks an auditor's deed, conveying the said land to the said Joseph W. Fairbanks, and that thereafter, to wit, on the 16th day of November, 1912, these defendants conveyed the said land to K. E. Roberts, who is now the owner and in the possession thereof.''

The plaintiff, in reply, denied generally the defendant's title, both as to adverse possession and tax sale and deed, and, in addition, and with respect to the alleged tax title, that:

''Plaintiff further denies that defendants, or either of them, purchased said property at a tax sale, as alleged in their said answer, by which they acquired any legal title to said property, and plaintiff alleges that if any sale or purchase was made as alleged by defendants, the same was not in accordance with, but was contrary to, law and void.''

On these issues the case was tried to the court. The plaintiff showed record title in one George T. Bean and a conveyance from him to her, and rested. The defendants, to support the issues on their behalf, gave evidence respecting their title, and, to support their alleged tax title, put in evidence a tax deed, executed and delivered by the county auditor on the 10th day of September, 1912, to the defendant Fairbanks, showed a conveyance by him and his wife to the defendant Roberts, and rested. The plaintiff then attempted to put in evidence to show the invalidity of the tax sale and deed. The court, on the defendants' objections, forbade that, on the ground that the plaintiff had not alleged the particulars in which she claimed the tax sale or deed was invalid. The court found that prior to the 21st of April, 1908, George T. Bean was the owner of the property, that on that day the county treasurer, for taxes, sold it to the defendant Fairbanks, and that thereafter the county auditor executed and delivered a tax deed to him, and that he and his wife conveyed to Roberts. The court found against the defendants on the issue of an adverse holding. Based solely on the tax title, the court rendered judgment in favor of Roberts quieting the title in him. The plaintiff appeals.

A motion was made at the last February term to dismiss

the appeal on the ground of an incomplete abstract and of an insufficient assignment of errors. We, on March 1st, denied the motion, but gave the plaintiff leave, within ten days, to file an amended abstract and assignment of errors. The amended abstract and assignment were served, but were not filed, within that time. When they, after service, were tendered for filing, the clerk refused to accept and file them because they were not tendered in time. On the 25th of March, the motion to dismiss the appeal was renewed. The reason given why the amended abstract and assignment, though served, were not filed within time is that the plaintiff has one counsel at Richfield and one at Salt Lake City. Each, so it is made to appear by affidavit, relied on the other to file and print. Each believed the other had done that. Neither did it within time. The plaintiff, of course, could not complain if we should dismiss the appeal for failure to comply with the order. Were the matter jurisdictional, the appeal ought to be dismissed; but it is not jurisdictional. Again; were the defendants prejudiced because the amended abstract and assignment, though served, were not filed within time, then, also, would we be inclined to now dismiss the appeal because of the Alphonse-Gaston behavior and neglect of plaintiff's counsel. But since the service was within time, and since the matter is not jurisdictional, and since the defendants were not prejudiced, we are not disposed to dismiss the appeal. The renewed motion, therefore, is denied, and the amended abstract and assignment of error directed to be filed as of the day when they ought to have been filed.

The assignment presents the ruling refusing the plaintiff to assail the tax proceedings and tax sale and deed. The ruling was made on the theory that the plaintiff had not, in her reply, averred with sufficient particularity the grounds on which she claimed the tax sale and deed were invalid. The defendants could have averred ownership in general terms, and then, to support the allegation, could have made proof of a tax title. In such case the plaintiff under a general denial and without specific averments, could have met that proof by evidence that the tax sale or deed was invalid, or could have shown any fact tending to overcome

the defendant's proof and to defeat their title. *Eastman* v. *Gurrey*, 15 Utah, 410, 49 Pac. 310. But the defendants did not plead ownership in general terms. It is claimed that they specially pleaded a tax title, and that in such case, to raise an issue as to irregularities or the invalidity of any of the proceedings resulting in the tax sale or deed, or in the sale or deed itself, the plaintiff was required to specifically aver the particulars thereof, and that she could not make such proof under a general denial. It is unnecessary to decide that, for any kind of a reply was good enough to meet the defendants' imperfect and insufficient plea of tax title. Under the common law, to establish a tax title, it was necessary to show that every material requirement, from listing the land to delivery of the deed, had been strictly complied with, and hence that the burden of proof, as between the owner and the purchaser, was upon the tax purchased to show a strict compliance with all the provisions of law in relation to the proceedings on which the tax title was based. Because of the statute it is claimed that the burden in such respect has been shifted. The statute (Comp. Laws 1907, Section 2629) provides that tax deeds issued by the county auditor ''shall recite substantially the amount of the tax for which the property was sold, the year for which it was assessed, the day and year of sale, the amount for which the real estate was sold, a full description of the property, and the name of the purchaser or assignee; and when attested by the county auditor shall be *prima facie* evidence of the facts recited therein.''

Notwithstanding such provision, the authorities are to the effect that one claiming and asserting a tax title against the owner is nevertheless required to allege all the facts essential to the validity of a tax deed. *Gage* v. *Harbert*, 145 Ill. 530, 32 N. E. 543; *Skelton* v. *Sharp*, 161 Ind. 383, 67 N. E. 535; *Durrett* v. *Stewart*, 88 Ky. 665, 11 S. W. 773; Black on Tax Titles, 2d Ed. sec. 462. That is, when one relies on a tax title he must show in his pleading that each step, required by law to be taken to subject the property to taxation and to constitute a valid sale of it for taxes, has been complied with. To that effect also are the decisions of this court. *Olsen* v. *Bagley*, 10 Utah, 492, 37 Pac. 739; *Eastman* v. *Gurrey*,

*supra; Asper* v. *Moon,* 24 Utah, 241, 67 Pac. 409. Now it may be that, had the defendants attached to their pleadings a copy of the tax deed itself, containing recitals of all requisite proceedings to have been taken and which were essential to a valid sale and deed, or in such particular averred the substantive terms of the 'deed, the pleading might have been sufficient. *Smith* v. *Denny,* 90 Miss. 434, 43 South. 479. But the defendants did not do that. They, by their pleadings, neither attached nor exhibited the tax deed, nor averred any terms of such a deed. They, in the most general terms, but alleged that the property was sold for taxes assessed against it; that it was not redeemed, and that a tax deed was issued to the purchaser. That neither by reference or otherwise is alleging what the authorities teach, that whenever a tax title is specifically set forth and asserted against the owner in a direct proceeding it is necessary that every fact be averred requisite to show that each of the statutory provisions had been complied with. 37 Cyc. 1513, and cases. Thus, as against the defendants' plea of tax title, any kind of a reply was good.

Further, the plaintiff, in her reply, averred that the tax sale and purchase "was not in accordance with law, but was contrary to law." That, of course, was a most general averment; but in the absence of a special demurrer or a motion to make more specific, was sufficient. *Snell* v. *Dubuque,* 88 Iowa, 442, 55 N. W. 310; *Sanders* v. *Parshall,* 67 Hun., 105, 22 N. Y. Supp. 20, affirmed 142 N. Y. 679, 37 N. E. 825. Especially is that true in view of the defendants' bad plea of tax title.

The court, after admitting the tax deed evidence, ought not to have shut the door on plaintiff and prevented her from showing that the tax deed or sale was invalid, or that some one or more provisions of the law essential to the validity of the deed had not been complied with.

The judgment is therefore reversed and the case remanded with directions to grant a new trial, and, on proper application, to permit the pleadings to be amended. Costs to appellants.

FRICK and McCARTY, JJ., concur.