464 P.2d 392

Jack LeRoy MECHAM, Julia Ruth Smoot, Thelma Mecham Hintze, J. Ralph Mecham and First Security Bank of Utah, as Administrator of the Estate of Sophia O. Mecham, Deceased, Plaintiffs and Respondents,

v.

MEL–O–TONE ENTERPRISES, INC., a Utah corporation, and Barby's Cafes Incorporated, a Utah corporation, Defendants and Appellants.

No. 11749.

Supreme Court of Utah.

Jan. 20, 1970.

Kenneth Rigtrup, Salt Lake City, for defendants-appellants.

A. Park Smoot, Lewis S. Livingston, Salt Lake City, for plaintiffs-respondents.

ELLETT, Justice.

This is an action to quiet title to a parcel of land by the fee owners against a holder under a deed from Salt Lake County containing the following language:

> This conveyance is made in consideration of payment by the grantee of the sum of $103.41 delinquent taxes, penalties, interest and costs constituting a charge against the said real estate, which was sold to said county at preliminary sale for non payment of general taxes assessed against it for the year 1962 in the sum of $73.64. Dated this 30 day of June, 1967.

The plaintiffs admit that the proper procedures were followed so that had the preliminary sale actually been made for failure to pay the general taxes for the year 1962, the defendants would have good title to the land. The problem arises, however, due to the fact that there were no delinquent general taxes for the year 1962 or for any other year. The plaintiffs and their predecessors in interest have paid all general taxes which have been assessed against the property. There was a failure to pay a sewer tax in the year 1962, and the question is presented as to whether the purported sale for *failure to pay general taxes* suffices to deprive an owner of his land when he had failed to pay a *special sewer tax*. Section 17–6–3.6, U.C.A.1953, provides that "unpaid and delinquent charges for sewer service shall be certified by the clerk of the district to the treasurer or assessor of the county in which the delinquent premises are located, in which case such delinquent charges, together with interest and penalties, shall immediately upon such certification become a lien on the delinquent premises on a parity with and collectible at the same time and in the same manner as general county taxes * * *."

The defendants contend that their purchase at the May sale cut off all interests of the fee title owners and that the figures 18–353 in small type and the word "sewer" in small print appearing in the upper left-hand corner of the printed tax deed form is sufficient to show that the sale was for a delinquent and unpaid sewer charge.

The answer to the claim seems to be that the figures and the word "sewer" are not a part of the deed at all, and, further, the preliminary sale was by the terms of the deed itself made to Salt Lake County for "non payment of general taxes."

The courts of this state have always been jealous of the rights of land owners to maintain their title unless and until the taxing authorities comply strictly with the law as written.[1]

We, therefore, hold that a purported sale of the plaintiffs' land for nonexistent delinquency in general taxes is void and conveyed no interest whatsoever to the purchasers. The record does not show that there has been a valid preliminary sale for delinquent sewer taxes, and until one has been made, the rights of the title holder are not cut off.

The matter was decided on a motion for summary judgment, and at the time of granting the motion, the trial court reserved the question of the interest of the defendants, if any, as occupying claimants. The court further found that the defendants had relieved the property of tax liens and gave a judgment and imposed a lien on the property in favor of the defendants for the amount thereof.

The judgment of the trial court is affirmed. Costs are awarded to plaintiffs.

CROCKETT, C. J., TUCKETT and HENRIOD, JJ., and JOSEPH E. NELSON, District Judge, concur.

CALLISTER, J., having disqualified himself, does not participate herein.

1. Olsen v. Bagley, 10 Utah 492, 37 P. 739 (1894); Asper v. Moon, 24 Utah 241, 67 P. 409 (1902); Bean v. Fairbanks, 46 Utah 513, 151 P. 338 (1915); Bolognese v. Anderson, et al., 87 Utah 450, 44 P. 2d 706 (1935).