ETHEL M. ANDERSON, Respondent, v. SALT LAKE & OGDEN RAILWAY COMPANY, Appellant.

No. 2012.   Decided April 14, 1909   (101 Pac. 579).

1. WITNESSES—CROSS-EXAMINATION—SCOPE AND EXTENT—GENERAL RULE. While no hard and fast rule can be laid down respecting cross-examination, the general rule is that it should relate to the statement of the witness on direct examination into the facts and circumstances connected with or related to the matters stated by him, or, in other words, all matters that may modify, explain, contradict, or rebut the facts testified to in chief may be gone into, and anything beyond this must be left to the sound discretion of the court. (Page 514.)

2. WITNESSES—CROSS-EXAMINATION—LIMITATIONS TO SUBJECTS OF DIRECT EXAMINATION. In an action for injuries to a passenger,

her husband, who accompanied her, testified on direct examination to the circumstances under which they left the train, which he claimed was suddenly moved forward with a jerk as she was leaving the car, and threw her off the second step; that she lit on the ground on her right foot, and her knees went from under her, and that as she went backwards he grabbed her, and that if he had not caught her she would have fallen under the train. On cross-examination, after eliciting from him the fact that she was in good health at the time of the accident and that she needed assistance to get off the train, questions were asked him whether she said anything about being hurt after leaving the train. *Held*, that the answers to such questions could in no way contradict, modify, or explain or make more clear and intelligible what the witness testified to on direct examination, and that it did not appear that the court abused its discretion in sustaining objections thereto. (Page 514.)

3. APPEAL AND ERROR—REVIEW—CROSS-EXAMINATION OF WITNESS. The reviewing court should hesitate long before reversing judgment on the ground that the trial court either restricted or enlarged the scope of a cross-examination. (Page 514.)

4. APPEAL AND ERROR—REVIEW—DISCRETION OF COURT—REFUSAL OF NEW TRIAL. Where an assignment of error to the refusal of a new trial relates to matters involving the discretion of the trial court, the Supreme Court can only interfere on its being made to appear that the court abused its discretion. (Page 515.)

5. APPEAL AND ERROR—REVIEW—FINDING AS TO PERSONAL INJURY. That the jury were unwilling to believe all that plaintiff claimed with respect to personal injuries sued for and the consequences thereof is not conclusive on appeal, after approval of the verdict by the court that their finding that she sustained some injury is not well founded. (Page 515.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis*, Judge.

Action to recover damages for personal injuries by Ethel M. Anderson against the Salt Lake & Ogden Railway Company. From a judgment for plaintiff for the sum of five hundred dollars defendant appeals.

AFFIRMED.

*Henderson, Pierce, Critchlow & Barrette* for appellant.

*Edwards, Smith & Price* for respondent.

## APPELLANT'S AUTHORITIES.

Conceding the truth of all that the plaintiff testified to as to her condition upon arriving at her home, and as to her condition after that, it was just as likely to have been caused by the care and trouble of her whole day attending conference in her delicate condition, and the care of her child, particularly in the light of her past history. What took place immediately at the very time of alighting from the train was of special interest in determining the questions involved. The witness was called by plaintiff to testify in relation to what took place at that time, and for nothing else; and if plaintiff's counsel had asked as to part of it, and objected to its all being told, and the court sustained the objection. We submit that cross-examination cannot be thus limited. The obligation of the witness is not only to tell the truth, but to tell the whole truth, and when a witness is put upon the stand and examined in chief, the cross-examination can extend to everything that will modify or rebut the inferences from the examination in chief. (*Cahoon v. West,* 20 Utah 73; *Whipple v. Preece,* 24 Utah 364; *N. Y. Iron Mine v. Bank,* 39 Mich. 644; *Baird v. Daly,* 68 N. Y. 547; *Ferguson v. Rutherford,* 7 Nev. 386; *Graham v. Larimer,* 83 Cal. 179; *Gilmer v. Higley,* 110 U. S. 47; *Sayers v. Allen,* 25 Ore. 211, 35 Pac. 254.)

## RESPONDENT'S AUTHORITIES.

The rule applicable to the case at bar is stated in substantially the same language in all of the text books and decided cases. In vol. 3, Jones on Evidence, sec. 820, the rule is stated thus:

"The cross-examination can only relate to facts and circumstances connected with the matters stated in the direct examination of the witness. If a party wishes to examine a witness as to other matters he must do so by making the witness his own. . . . Under the rule that generally prevails, the fact that other witnesses have testified to certain matters does not subject the witness to cross-examination as to

such matters unless he has testified as to them himself.
. . . The rule limiting the cross-examination to the general subject-matter of the direct examination is certainly more conducive to the systematic and orderly trial of causes, and it has the further merit as it prevents the cross-examiner from proving by leading questions independent facts by a witness friendly to him who the adverse party is obliged to call. This rule clearly applies when the attempt is made to draw out by cross-examination facts having no connection with the matters stated in the direct examination, but constituting the substantive defense or claim of the cross-examiner."

To the same effect, see Vol. 3, Ency. of Evidence, pages 822 to 843. Also the following authorities: *State v. Gray,* 79 Pac. [Oregon] 53-4; *Richardson v. Spangle,* 60 Pac. 64; *Schreyer v. Flouring Mill Co.,* 43 Pac. 723; *Rosum v. Hodges,* 47 N. W. 140; *Sauntry v. United States,* 117 Fed. 133; *Houghton v. Jones,* 1 Wall. [U. S.] 702; *McFadden v. Mitchell,* 61 Cal. 148; *Railroad v. Urlin,* 158 U. S. 275; *State v. Hawkins,* 67 Pac. 84.

FRICK, J.

The respondent brought this action to recover for personal injuries which she claimed to have sustained as a passenger while alighting from a passenger car owned and operated by appellant. The injuries, it is alleged, were sustained through the negligence of appellant in negligently moving the train while respondent was in the act of alighting therefrom. A trial to a jury resulted in a verdict and judgment for respondent, and appellant presents the record for review on appeal.

There are but two questions presented for review. At the trial the court sustained objections interposed by counsel for respondent to certain questions propounded on cross-examination to her husband, who was a witness in her behalf. The witness, in substance, testified that he and his wife (the respondent) and their infant child, on the 8th day of April, 1907, were passengers on a passenger train of appellant; that

they had been attending conference at Salt Lake City, and were returning home on the train to Farmington; that the train stopped at the usual place for passengers to alight therefrom; that when the witness and respondent entered the car at Salt Lake City the seats were all occupied, except at one end of the car back of the car door; that the witness and respondent and their infant child occupied this seat, and, when the train stopped at Farmington, in opening the car door it barred the exit from the seat, and thus prevented the witness and respondent from leaving the seat or the car until all the other passengers had passed out through the door, after which the door was released, and the witness, with the child in his arms, followed by respondent, could then pass out of the car; that the witness and respondent passed out of the car as soon as they could do so, and the witness alighted from the train, and as respondent was in the act of doing so—that is, when she was about to step from the car step to the ground—the train was suddenly moved forward. The statement of the witness with respect to how the accident happened is as follows: "The train started with a sudden jerk as she was in the act of getting off, and it threw her off the second step. She lit on the ground on her right foot. I am not positive of that but she said she lit on the right foot; but she lit and her knees went from under her, and as she went backwards I grabbed her with my left hand. I had the baby in one arm, and as I grabbed her I checked her; if I hadn't done that she would have fallen right under the train." The foregoing substantially covers all that the witness testified to on direct examination. Counsel for appellant proceeded to cross-examine the witness, and after eliciting from him that the respondent at the time of the accident was in good health and that she needed some assistance to get off the train, the following questions were propounded to the witness, namely: "Q. Did she say anything on the way [after leaving the train] to you about being hurt?" "Q. When did she first say anything about being hurt in stepping off the train at this time?" "Q. Did she ever, at any

time, say anything about being hurt at this time by stepping off the train?" Counsel for respondent interposed an objection to each of the foregoing questions upon the ground that the facts sought to be elicited thereby were not proper cross-examination. The court sustained the objections, and the appellant insists that these rulings constitute prejudicial error.

While no hard and fast rule can be laid down with respect to what may or may not be proper as part of a cross-examination, yet a general rule has been formulated by the courts which is ordinarily sufficient as a guide in most cases. This general rule is to the effect that the cross-examination should relate to the matters stated by the witness on direct examination, and to the facts and circumstances connected with or related to the matters stated by him. In other words, all matters that may modify, explain, contradict, rebut, or make clearer the facts testified to in chief by the witness may be gone into on cross-examination. Ordinarily, when this field has been covered by the cross-examiner, the right, as an abstract right, to further cross-examine ceases. Beyond this the matter of cross-examination necessarily, to a very large extent at least, must be left to the sound discretion of the trial court. There may be good reasons appearing to the trial court in a certain case, and as it affects a certain or particular witness, why the scope of cross-examination with regard to collateral matters should be either restricted or extended. The answers to the questions propounded in this case could in no way contradict, modify, explain, or make more clear and intelligible anything the witness had testified to on direct examination. Appellant, therefore could proceed further with the cross-examination only, when, in the judgment of the trial court, it was proper under all the circumstances to do so. The court evidently thought this was not necessary, and in our judgment nothing is made to appear that it abused its discretion in this respect. With respect to such matters reviewing courts ought to be very careful, and should hesitate long before reversing judgments upon

the ground that the trial court either restricted or enlarged the scope of cross-examination.

The assignment that the court erred in refusing a new trial likewise relates to matters which involved the discretion of the court. No complaint is made of any instruction or any error of law occurring at the trial except the one already referred to. We, therefore, could only interfere if it were made to appear that the court abused its discretion in denying the motion. It is urged that, in view that the jury allowed respondent only a small amount by their verdict, when, if they had believed her testimony, she would have been entitled to much more, it is conclusive that the jury did not believe that she was injured as she claimed she was. It is argued, therefore, that the jury did not base their finding upon the ground that she was injured, but rather upon sympathy or upon the ground that appellant should pay her something. It may be that the jury believed that the respondent grossly magnified her injuries and ailments, but the principal fact remains that there was sufficient evidence to sustain the finding of negligence, and that she suffered some injury as a consequence of such negligence. The mere fact that the jury may have been unwilling to believe all that she claimed with respect to her injuries and the consequences flowing therefrom is not conclusive that their finding that she sustained some injury is not well founded. The trial court evidently thought so, and we can discover no legal ground authorizing us to interfere with his conclusion.

From what has been said it follows that the judgment ought to be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.