## HUNTSMAN v. HUNTSMAN et al.

No. 3837.   Decided December 28, 1923.   Rehearing denied March 9,
1923.   (213 Pac. 179.)

1.   APPEAL AND ERROR—WHERE CAUSE REMANDED FOR TRIAL ON CER-
TAIN ISSUE, DIFFERENT THEORY MAY NOT BE ADOPTED.   Where, on
appeal in suit to cancel a mortgage and quiet title, the Supreme
Court decided all the issues except one, and remanded the
case, in order that further evidence might be taken to decide
the one issue, whether the deed on which appellant relied was
supported by a consideration, but appellant ignored such issue,
and proceeded to introduce evidence of acquisition of title
through a different source than originally claimed on the first
hearing, *held,* the former decision of the Supreme Court became
the law of the case, and trial of the case on such theory was
erroneous.

2.   TRIAL—ALLOWANCE OF TRIAL BY JURY IN EQUITY CASE WITHIN
JURISDICTION OF TRIAL COURT.   In an equity case, the allowance
of a jury trial for either the entire case or for any particular
issue of fact is within the discretion of the trial court.

Appeal from District Court, Fifth District, Millard County;
*Joseph H. Erickson,* Presiding Judge.

Suit by Willis Huntsman against Emma B. Huntsman and
others.   From a judgment for plaintiff, defendants appealed,
and after a rehearing the Supreme Court remanded the
cause, with directions (56 Utah, 609, 192 Pac. 368).   From a
judgment affirming the previous order of judgment, defend-
ants appeal.

JUDGMENT AFFIRMED.

*Wm. B. Higgins,* of Fillmore, for appellants.

*T. M. Ivory,* of Fillmore, for respondent.

THURMAN, J.

This proceeding is supplementary to a decision heretofore rendered by this court in the same cause. The case is reported in 56 Utah, 609, 192 Pac. 368. In response to an application for a rehearing the cause was remanded to the trial court with directions to take such additional evidence as either party had to offer concerning one issue of controlling importance. That issue was specially defined in the opinion and order remanding the case.

As will more fully appear from reading the opinion, it was an action to cancel a mortgage and quiet title to certain real property situated in Millard county. Plaintiff claimed title under a fee-simple deed from his father, Jacob Huntsman from whom defendants also attempted to deraign title. Defendants claimed through divers mesne conveyances as follows: (1) From Jacob Huntsman, by Peter Huntsman, his attorney in fact, to Fanny Allen; (2) from Fanny Allen to Peter Huntsman; (3) from Peter Huntsman to defendant Emma B. Huntsman; (4) from Emma B. Huntsman, by mortgage, to the other defendants.

Fanny Allen was a daughter of Peter Huntsman, the attorney in fact of Jacob Huntsman, and in the opinion referred to this court held that the purported conveyance to Fanny Allen was a mere attempt to give her the property without consideration which, under the authority conferred, was beyond the power of the attorney in fact. Because of this defective link in the chain of title, this court decided the issues in favor of the plaintiff and affirmed the judgment of the court below.

In the application for a rehearing it was made to appear that probably the defendants were misled to their prejudice by some proceeding during the trial of the case, and for that reason failed to offer proof of substantial consideration for the deed to Fanny Allen. Hence the cause was remanded solely for the purpose of receiving further evidence upon that point. After stating the reasons for remanding the cause, the concluding paragraphs of the opinion on rehearing read:

"For the reasons stated, the court is of the opinion that the case

should be remanded to the trial court for the sole purpose of permitting the defendant to present such evidence as she may have tending to show that the deed to Fanny Allen was executed for a substantial consideration as contemplated in the power of attorney by authority of which the conveyance was made. Plaintiff, of course, should be permitted, if he choose, to present evidence on the same subject in support of his contention.

"In order that there may be no misunderstanding as to the scope and meaning of this opinion, we hold the following to be the law of the case:

"(1) That the power of attorney from Jacob Huntsman to Peter Huntsman did not authorize a gift of the property to Fanny Allen, or a sale thereof for a mere nominal consideration; (2) that the deed made to Fanny Allen, as the record now stands, was made for a nominal consideration only, and was therefore not authorized by the power of attorney; (3) that, the expressed consideration being only nominal, the burden of proof was on the defendant to prove that the deed was in fact made for a substantial consideration, as contemplated in the power of attorney; (4) that defendant failed to discharge the burden thus imposed, and therefore failed to establish her title to the property. If the defendant can prove by a preponderance of the evidence that a consideration was paid for the property within the letter and spirit of the authority given the attorney in fact, the defendant is entitled to have her title quieted. Otherwise, the judgment of the trial court is affirmed."

Thus it appears the issue submitted was clearly defined and the evidence to be taken was expressly limited. The issue was tried to the court without a jury. The findings of the court are brief and to the point. After referring to the former judgment, the appeal therefrom, and the specific issue submitted by this court for further evidence, the court finds:

"(1) The court, without reiteration, affirms all of the facts found by the trial court in the previous trial of this cause.

"(2) That the deed made by Peter Huntsman as attorney in fact for Jacob Huntsman, dated November 15, 1897, purporting to convey all of lots 3 and 4 in block 68, Plat A, Fillmore City survey, to Fanny Allen, was without any consideration whatsoever, and was an attempted gift."

Judgment was entered for plaintiff, from which defendants appeal.

Numerous errors are assigned. As we view the case, it is not necessary to consider the errors in detail. In the ad-

mission of evidence the widest latitude was extended by the
the court.  The real issue submitted by this court for deter-
mination was apparently lost sight of by appellants, and the
court admitted pro forma, over respondent's objection, evi-
dence that ought to have been rejected at once.  Little or
no attempt whatever was made to prove substantial consid-
eration for the deed to Fanny Allen, the very question sub-
mitted by this court for determination.  That feature of the
case, which was held by this court to be the controlling ques-
tion, was practically ignored, and appellants were permitted,
pro forma, to attempt to establish their defense to the action
and title to the property upon an entirely new and different
theory.  For instance, at the former trial, defendants relied
on the Fanny Allen deed executed by Jacob Huntsman,
through Peter Huntsman, his attorney in fact, as essential
to establish their title.  At the last hearing appellants sought
to establish title, not through the Fanny Allen deed, but
through an alleged purchase by Peter Huntsman from Jacob
Huntsman at a time when, as we read the record, Jacob
Huntsman was not the owner of the property.  To be more
exact, appellants introduced evidence tending to prove that
on a certain occasion in the early 80's of the last century,
when Jacob Huntsman was moving his mother to California,
Peter Huntsman furnished Jacob with supplies of one kind
or another amounting to about $1,400; that afterwards a let-
ter was received by Peter Huntsman from Jacob Huntsman,
in which Jacob acknowledged that Peter had paid for the
premises in question.  The letter was not produced.  Peter
Huntsman denied that the supplies were furnished to Jacob,
but claimed they were given to his mother for her support.
Peter also denied that he had received such letter from Jacob
as testified to by defendants.  Other evidence was introduced
by plaintiff in corroboration of Peter concerning the above
transaction.  We have made this brief reference to the trans-
action relied on by appellants, not for the purpose of con-
sidering the weight of the evidence, or giving it effect, but
for the sole purpose of showing how far afield appellants
were permitted to go in the last hearing of the case.

Appellants complain of the ruling of the court in admitting incompetent evidence, in rejecting evidence offered by appellants, and in limiting their cross-examination of Peter Huntsman. The alleged incompetent evidence was admitted to rebut irrelevant and immaterial evidence introduced by appellants. The evidence rejected was evidence entirely foreign to the issue, and the limiting of the cross-examination of Peter Huntsman was mainly to avoid incumbering the record with repetitions of matter testified to by the witness on the former trial.

It seems to the court that to sustain the contention of appellants in the instant case would be to totally disregard one of the fundamental rules of judicial procedure. This is a second appeal. This court has no more right to disregard its decision heretofore rendered than had the trial court below in its trial of the issue submitted. Our decision became the "law of the case." 5 Words and Phrases, First Series, 4024. We decided that the only issue to be determined by the trial court was whether or not there was a consideration for the deed to Fanny Allen, within the spirit and meaning of the authority given to the attorney in fact. We remanded the case in order that further evidence might be taken as to that issue, and that only. Whatever right, if any, appellants may have had at the original hearing to prove title to the property other than by the deed to Fanny Allen as a necessary link in the chain, we are legally certain they had no right to attempt to make such proof in the last hearing of the case. Besides this, there was not only no additional proof of a substantial consideration for the deed to Fanny Allen, but there was affirmative evidence, practically conclusive, that the deed was merely an attempted gift, as found by this court, in its former opinion. The findings of the court in the last hearing are therefore amply sustained.

Appellants insist that the court erred in denying them a trial by jury. It is alleged that a demand was seasonably made. It is not claimed, however, that a demand was made at or prior to the former hearing. This is an equity case,

and the allowance of a jury trial for either the entire case or for any particular issue of fact was within the discretion of the trial court. To this may be added the further suggestion that, in view of the fact that no substantial evidence whatever was offered by appellant in support of the real issue submitted for determination, appellants were not prejudiced by the ruling of the court.

2

We find no reversible error in the record. The judgment of the trial court is therefore affirmed, at appellants' costs.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.

## On Application for Rehearing.

THURMAN, J. In their application for rehearing, appellants complain that the trial court, in its original findings, and this court on the first appeal, overlooked defendants' plea of estoppel. As to the findings of the trial court, the complaint is without substantial foundation. The findings, when fairly interpreted, are against the plea. While we are of opinion that the plea was without merit, our inadvertence in overlooking it would no doubt have been corrected, if it had been called to our attention in the application for rehearing on the first appeal. If Peter Huntsman had been the party plaintiff, the plea in estoppel would have been an effectual bar; but we see no merit in the plea as against the plaintiff Willis Huntsman.

The statement made in our last opinion will be corrected. and the opinion modified accordingly. The application for rehearing is denied.

WEBER, C. J., and GIDEON and FRICK, JJ., concur.

Since date of filing original opinion and pending application for rehearing, the term of office of Chief Justice CORFMAN expired, and Hon. A. J. WEBER has become Chief Justice.