## UTAH STATE NAT. BANK v. LIVINGSTON.

No. 4714. Decided August 22, 1929. (280 P. 327.)

*Henry D. Moyle,* of Salt Lake City, for appellant.

*Soule & Spaulding,* of Salt Lake City, for respondent.

WOOLLEY, District Judge.

This is an action upon a promissory note, brought originally against D. H. Livingston and L. B. McCornick, in which there is a defense of payment. The case has been tried three times in the district court, and this is its second appearance on appeal in this court. At the first trial the jury returned a verdict in favor of defendants, but the trial court, upon plaintiff's motion, set aside the verdict and granted a new trial. At the second trial the court directed the jury to return a verdict in favor of the plaintiff because the judge thought there was no evidence of payment, which was done, and the defendants appealed. This court reversed the judgment and remanded the cause for a new trial. *Utah State National Bank* v. *Livingston,* 254 P. 781. Thereupon McCornick made a settlement with plaintiff so far as he was concerned. The case then went to trial against Livingston alone. The verdict of the jury was in favor of defendant. From the judgment entered on this verdict, plaintiff appeals.

The assignments of error relate (1) to the claim that the court erred in refusing to direct a verdict in favor of plaintiff because there was no evidence to take the case to the jury upon the issue of payment; (2) to the refusal of the court to give certain requested instructions to the jury; and (3) to rulings by the trial court upon objections to certain questions propounded to witnesses during the course of the trial.

The main contention of appellant seems to be that there is no evidence to go to the jury upon the issue of payment. More than half of the brief is devoted to a discussion of that proposition, and it was the burden of the oral argument. But that question is not open upon this appeal. The evidence relating to the matter of payment was substantially the same as upon the second trial. On the former appeal this court reviewed the evidence, found it to be conflicting, and held that it was sufficient to take the case to the jury upon the issue of payment. The opinion of this court on the former appeal settled the question of law as to the sufficiency of the evidence and laid down the law of the case, which was binding on the lower court at the third trial and is binding on this court now, *Chadwick* v. *Beneficial Life Ins. Co.*, 56 Utah 480, 191 P. 240; *Thompson* v. *Reynolds*, 59 Utah 416, 204 P. 516; *Robison* v. *Fillmore, C. & S. Bank*, 61 Utah 398, 213 P. 790; *Huntsman* v. *Huntsman*, 61 Utah 376, 213 P. 179. The verdict of the jury settles the question of fact.

In regard to the instructions we perceive no error. It is not claimed that the court misdirected the jury in any respect. But it is claimed that the court should have given certain requests which were refused entirely, and should have given without change or modification certain others which were given with modifications. The court, in the instructions, after telling the jury what the case was about, set out clearly and briefly the claims of the parties; told the jury that there was but one issue to be determined, namely, whether or not the parties had

agreed that this note was to be paid by the transfer of the stocks in question; that the burden was upon defendant to establish his claim of payment by a preponderance of the evidence; that if he failed in this, or if the evidence was equally balanced, the plaintiff was entitled to recover; that if they found for the plaintiff the verdict should be for the face of the note with interest and attorney's fees less a credit of $1,117.45 paid by McCornick in the settlement; and gave the usual "stock" instructions. The requests which were refused were either covered by the instructions given or were wholly unnecessary to a fair trial in view of the instructions which were given. The modifications made to plaintiff's requests which were given did not change their meaning and were only for the purpose of clearness and harmony in the entire charge. We think the case was fairly submitted to the jury on the instructions.

We have examined numerous assignments of error relative to the cross-examination of Henry T. McEwan, a witness called by plaintiff, and William Wallace, a witness called by defendant, but find nothing therein worthy of particular comment. Appellant complains that with respect to the first witness he was unduly restricted, while with respect to the second the defendant was allowed too much latitude in the cross-examination. This court laid down the rules for cross-examination in *Anderson* v. *Railway*, 35 Utah 509, 101 P. 579, and *Central Bank of Bingham* v. *Stephens*, 58 Utah 358, 199 P. 1018. The rulings complained of were correct when tested by the law as expounded in those cases. A reading of the transcript satisfies this writer's mind that the trial court was fair to both sides with respect to the matter of the cross-examination of the two witnesses above mentioned, and that there was no abuse of discretion in this connection.

There are other errors assigned. All have been examined. There are none that seem to merit detailed discussion, much less that require a reversal of the judgment.

Judgment affirmed. Costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.

EPHRAIM HANSON, J., being disqualified, did not participate herein.