## BOLOGNESE v. ANDERSON et al.

No. 5369.　Decided May 9, 1935.　(44 P. [2d] 706.)

For opinion on rehearing, see 87 U. 455, 49 P. (2d) 1034.

*C. G. Gatrell,* of Salt Lake City, for appellants.

*James Devine,* of Salt Lake City, for respondent.

HARRIS, District Judge.

This is an appeal from a judgment quieting title to certain property in Salt Lake City in favor of the plaintiff and against the defendants. Separate appeals are taken by defendants Fidelity Investment Company and H. J. Steiner. The other defendants defaulted and have taken no part in the appeal.

Plaintiff brought this action against G. R. Anderson and wife, Mrs. George W. Plummer, the Fidelity Investment Company, and H. J. Steiner, and unknown defendants, to quiet title to a small tract of land in Salt Lake City. The complaint alleges in substance that the plaintiff is the absolute owner in possession and entitled to the possession of the lot (particularly describing it), and that the defendants, without right, claim an interest in the property, and ask that the defendants be required to set up their claims to the property and for a decree of the court quieting the title in the plaintiff.

The defendant Fidelity Investment Company answered denying all the allegations of the complaint, except that this defendant claimed some interest in the property, and by ways of affirmative defense defendant alleges that ever since March 22, 1928, it has been the owner of the said property and in possession of the same, and asked that the plaintiff be required to set up his claim to the property, and prayed for a decree quieting the title thereto in the said defendant.

The plaintiff filed a reply denying the affirmative allegations of the answer.

At the trial the plaintiff offered in evidence a quitclaim deed from Salt Lake county to the plaintiff describing the property described in the complaint. The deed recited,

among other matters, that it was made under authority of the statute relating to delinquent tax sales and vested in the grantee all the title of the state, county, and each city, town, or other taxing district interested in the said real estate, because of title passing under tax sales for the years 1926 to 1930, inclusive, "and no other."

The plaintiff then called E. T. Milham, a deputy in the Salt Lake county treasurer's office, as a witness, who brought with him some of the tax records from that office. He was then asked to take his "record and show the transfer of this property, from the sale of this property to the County for taxes." There was objection and much discussion, but the witness was permitted to testify that assessment roll No. 2, p. 12, line 4, showed the property in the name of Sophia Anderson was advertised in the Salt Lake Telegram Tuesday evening, December 14, 1926, where it was described as "Com 25 ft S and 100 ft W of NE cor, Lot 8, S 50 ft, W 49½ ft; N 50 ft, E 48½ ft to beg under the heading 'Block 4, Plat B Lot 8.'" He also testified that the record did not show in what place the plat was located. He also testified that this record showed the sale price for the years 1926 to 1930, inclusive, and gave the respective amounts of such sales. Without offering other evidence, the plaintiff rested. Defendant offered evidence, and when both sides rested, the trial court announced there was not sufficient evidence to justify a finding that title had passed by virtue of tax sale. The matter went on for some time, when over defendant's objection the case was reopened on plaintiff's motion. Defendant refused to take part in this further hearing. Plaintiff then recalled the witness Milham, who testified that the Plat B mentioned in his previous testimony had reference to Salt Lake City. Judgment was then entered in favor of the plaintiff quieting his title.

The principal assignment of error is that there is no evidence to sustain the judgment.

This court has long been committed to the doctrine that "the title to be acquired under statutes authorizing the sale

of land for the nonpayment of taxes is regarded as stricti juris, and whoever sets up a tax title must show that all the requirements of the law have been complied with." *Olsen* v. *Bagley*, 10 Utah 492, 37 P. 739, 740; *Eastman* v. *Gurrey*, 15 Utah 410, 49 P. 310; *Asper* v. *Moon*, 24 Utah 241, 67 P. 409; *Moon* v. *Salt Lake County*, 27 Utah 435, 76 P. 222; *Bean* v. *Fairbanks*, 46 Utah 513, 151 P. 338, 340.

In the last-named case it was held that a pleading setting up that land had been sold for taxes and not redeemed and a tax deed issued was not a sufficient pleading. The court there said:

"When one relies on a tax title he must show in his pleading that each step, required by law to be taken to subject the property to taxation and to constitute a valid sale of it for taxes, has been complied with."

While the matter is not mentioned by counsel for either party, we remark that since the above cases were decided, the Legislature by what is now R. S. Utah 1933, 80-10-35, has amended the statute with reference to certificates of tax sales so as to provide that:

"The certificate of sale signed by the county treasurer is prima facie evidence of the regularity of all proceedings connected with the assessment, notice, equalization, levies, advertisement and sale of the property therein described, and the burden of showing any irregularity in any of the proceedings resulting in the sale of property for the nonpayment of delinquent taxes shall be on him who asserts it."

In this case since there is neither pleading nor proof that any certificate of sale was ever either made, signed, or delivered, it is not necessary for us to express any opinion as to what, if any, change has resulted in the law as stated in the above authorities by reason of the above amendment and that matter is expressly reserved for future determination should it be presented. Neither is it necessary in this case to determine what steps in the tax sale proceedings are necessary to establish a tax title. It is sufficient to

say, by way of illustration, that no evidence was offered here to prove a legal tax levy or assessment on the property in question, or of mailing of a valuation or tax notice to the owner, or any person, or issuance or record of a certificate of tax sale for taxes, or of an auditor's tax deed. The only evidence of any tax record in this case disclosed that the description fails to state the city or county in which the plat is located, and this court has held that such a defect is a fatal defect in a tax title. *Asper v. Moon,* supra. The evidence is, therefore, insufficient to sustain a finding that the plaintiff has title to the property by virtue of his tax deed.

The other errors assigned are not necessary to a disposition of the case, and we, therefore, refrain from discussing the same.

We are asked by the defendant Fidelity Investment Company not to remand the case for a new trial, but to direct that a judgment be entered quieting title in the defendant. The only evidence offered by the defendant of its title was a quitclaim deed from G. R. Anderson, Matilda S. Anderson, and Maud Anderson Plummer to the defendant, and that the defendant was in possession of the property at the time of the commencement of the action. There was no offer on the part of the defendant to pay to plaintiff the amount of taxes paid by plaintiff for the invalid tax deed, or that the defendant's grantors in the quitclaim deed ever were in any way connected with the record title to the property. Under these circumstances we are satisfied that the proper order is to remand the case for a new trial. The Utah cases cited by defendant to the effect that proof of possession is prima facie evidence of title sufficient to sustain a defense in an action in ejectment or to sustain a suit for damages to real estate are not controlling in this kind of a case.

Defendant Steiner has appealed from the judgment by separate appeal. The judgment was entered against him by default. Steiner was served with summons in the case

and appeared and moved the court to dismiss the case. His motion was argued and overruled, and in the order overruling the motion the court allowed the defendant ten days, after notice, in which to answer. No notice was served on the defendant; neither was he served with a copy of the amended complaint in the action. It was, therefore, error to enter his default.

The judgment is reversed and remanded to the district court of Salt Lake county for a new trial. Defendants Steiner and Fidelity Investment Company to recover their costs on appeal.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.

MOFFAT, J., being disqualified, did not participate herein.