BOLOGNESE v. ANDERSON et al.

No. 5369. Decided October 25, 1935, (49 P. [2d] 1034.)

For former opinion, see 87 U. 450, 44 P. (2d) 706.

*C. G. Gatrell*, of Salt Lake City, for appellants.

*James Devine*, of Salt Lake City, for respondent.

HARRIS, District Judge.

An opinion was filed in the above case on May 9, 1935, and published in 87 U. 450, 44 P. (2d) 706. Thereafter motions for a rehearing were filed herein by both the respondent and the appellant Fidelity Investment Company. The burden of the appellant's motion is that this court erred in refusing to direct a judgment quieting title in the appellant as against the respondent.

The objection is directed to what is said in the paragraph designated [3] in the report of the opinion contained in the Pacific Reporter. It is first complained that the opinion by inference holds that in every case of a suit to quiet title the payment of all valid taxes is a condition precedent to quiet title on the part of the defendant. Appellant argues with much earnestness that there is no issue in the case on which the tender of the amount of the taxes so paid by the plaintiff would have been pertinent. We did not mean in that opinion to lay down any rule which would or would not require an allegation and a proffer of the taxes by any party asking to have title quieted in him as against a person claiming title by virtue of a tax deed, whether such party be a plaintiff or a defendant. That matter may well be taken care of by a court of equity if it determines that the holder of the tax title has not a good title and that the other party is the real owner, by, as a matter of equity in proper cases, requiring the real owner to pay the holder of the invalid tax deed the amount of taxes with interest and penalties which he has paid, or the amount of taxes together with interest and penalities which may have been due to the county. It was thus held in *Oregon Short Line R. Co.* v. *Hallock*, 41 Utah 378, 126 P. 394. It is at this time unnecessary to lay down a rule as to which sum the court of equity should require to be paid if it deems as a matter of equity

there should be a proffer on the part of the owner as a condition precedent to judgment quieting title in him.

It is also contended that what is said in paragraph [3], above referred to, might be construed to be a ruling by this court that (a) proof of possession under a deed is not prima facie evidence of title, and that (b) a different rule of evidence as to what constitutes prima facie evidence of title is made in a case of ejectment or action for damages and a suit in equity to quiet title. So as to eliminate this doubt, it is now stated that no such rulings were announced or intended to be announced. All that was held in this case was that under the peculiar state of the record we were not convinced that the rights of the parties were so clearly and completely established that we should finally determine the matter, but felt that the proper ruling was to remand the case for a new trial where the parties may present all the evidence they may wish to, so that the trial court may determine the equities among the parties in accordance with the law, and if and when the problems suggested are further presented to this court on a future appeal, we can properly settle them.

With these modifications of the original opinion, the motions of both the respondent and appellant for a rehearing are accordingly denied.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.

MOFFAT, J., being disqualified, did not participate herein.