## BOLOGNESE v. ANDERSON et al.

No. 6036.   Decided May 13, 1939.   (90 P. 2d 275.)

137

*Cyrus G. Gatrell,* of Salt Lake City, for appellants.

*James Devine* and *Oscar W. Gray,* both of Salt Lake City, for respondent.

JONES, District Judge.

This is an appeal from a judgment upholding the validity of a tax title. The action has been here before. See 87 Utah 450, 44 P. 2d 706; *Id.,* 87 Utah 455, 49 P. 2d 1034. The primary issue on the prior appeal, and now presented, goes to the validity of the tax proceedings.

On the former appeal this court unanimously determined the tax deed to be invalid on the record before it but reversed the action and granted a new trial for other reasons. So far as the tax proceedings are concerned we are convinced that the facts now disclosed by the record remain essentially the same as they appeared when the case was here before. Such being the case we are precluded from again passing on a question which was presented, considered, and passed upon before by this court, by force of the doctrine of the law of the case. 5 C. J. S., Appeal and Error, page 1499, 1508, § 1964, and cases there

cited. See also *Forbes* v. *Butler*, 73 Utah 522, 275 P. 772; *Utah State National Bank* v. *Livingston*, 74 Utah 456, 280 P. 327; *Clark* v. *Los Angeles & S. L. R. Co.*, 73 Utah 486, 275 P. 582; *Grow* v. *Oregon Short Line R. Co.*, 47 Utah 26, 150 P. 970.

Is respondent (plaintiff) entitled in any event to be reimbursed for the money he paid out for the tax deed? If the action is one at law then only such relief can be granted as has been fairly invoked by the pleadings while if the same be classified as equitable in its nature respondent may be entitled to reimbursement even though there be no express pleading therefor. *Burton* v. *Hoover*, 93 Utah 498, 74 P. 2d 652. We look to the pleadings to determine this question. The complaint alleges that plaintiff (respondent) is the absolute owner, in possession and entitled to possession of the premises in dispute, describing them; that defendants (appellants) claim some adverse interest in said premises, but that said claim is without right; that plaintiff has paid all taxes levied on the property from 1926 to date, amounting to in excess of $156 (the only evidence on this is that there was paid out for the tax deed in question the sum of $97.70). The pleading concludes with the prayer that defendants be required to set forth the nature of their claim if any, and that all adverse claims be determined; that the court decree that defendants have no estate or interest whatsoever in and to said premises; that the title of plaintiff be determined to be good and valid and for such other or further order or relief as to the court may seem proper. The answer denies the allegations of the complaint and sets up ownership of the premises in defendants (appellants). The prayer is that plaintiff take nothing by his complaint, and for costs. The record affirmatively discloses that defendants were in actual possession when the action was commenced. The record further affirmatively discloses that both parties treated the action as one at law during all stages of the proceedings. From the foregoing the conclusion must be reached that the

action is one mainly at law. Compare *Norback* v. *Board of Directors, etc.,* 84 Utah 506, 37 P. 2d 339.

True it is that in the opinion on the prior appeal there appears some reference to the word "equities" but an examination of the abstract and briefs discloses that this question was not raised, discussed, or presented to this court before. In other words this question has not heretofore been decided in such a way as to become the law of this case. 5 C. J. S. Appeal and Error, page 1503, § 1964.

This court, on substantially the same facts, having heretofore reached the conclusion that respondent's tax title was invalid, and he not having sought reimbursement, he is now precluded in this proceeding from any further relief. And as appellants did not in their answer ask for any new or affirmative relief by way of quieting their own title, they are not entitled to a decree. See *Fisher* v. *Davis,* 77 Utah 81, 291 P. 493.

The judgment of the district court is reversed and the cause remanded with instructions to make findings and enter a judgment against the plaintiff and respondent, Guy Bolognese. Costs to appellants.

LARSON and McDONOUGH, JJ., concur.

PRATT, Justice.

I concur in the result.

WOLFE, Justice (dissenting in part).

I dissent from that part of the opinion of the court which holds that "we are precluded from again passing on" the question of the validity of the tax deed here involved "by force of the doctrine of the law of the case." While there are statements which give some support to the above quoted statement, a careful reading of the opinion of this court on former appeal of the present case, reported in 87 Utah 450, 44 P. 2d 706, together with the opinion written on

petition for rehearing, 87 Utah 455, 49 P. 2d 1034, convinces me that it was not there determined that the tax deed was invalid because of an omission in the description of the property, as contained in the assessor's office, as urged in this case; but that because of the peculiar state of the record and the insufficiency of the evidence before the court the case was sent back for a complete hearing on all the issues presented by the pleadings, to the end that the rights of the parties might then be adjudicated. Had I felt at the time the opinion was rendered that it was therein determined that the tax deed involved herein was invalid because of the grounds herein urged, I would have written a separate opinion expressing my views in regard thereto.

MOFFAT, C. J., being disqualified, did not participate herein.